UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG R. SMITH,<br>    Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>    Acting Commissioner of Social Security,<br>    Defendant. | Case No. 2:17-cv-02092-JCM-NJK<br><br>**REPORT AND RECOMMENDATION** |

    This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II and Title XVI of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's countermotion to affirm, the Commissioner's response to Plaintiff's motion, and Plaintiff's reply. Docket Nos. 19, 22, 23, 24. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.  STANDARDS**

    A.  <u>Judicial Standard of Review</u>

    The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to

work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSRs 96-4p, 96-7p.[2] To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

[2] SSR 96-7p has been superseded by SSR 16-3p, which became effective after the ALJ's decision in this case.

The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    BACKGROUND**

    A.    <u>Procedural History</u>

On November 8, 2013, Plaintiff filed an application for disability insurance benefits and supplemental security income alleging a disability onset date of January 1, 2012. Administrative Record ("A.R.") 208-224. Plaintiff's claims were denied initially on January 3, 2014, and upon reconsideration on March 25, 2014. A.R. 119-122, 124-126. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 127-128. On August 6, 2015, Plaintiff, Plaintiff's attorney, a vocational expert, and a medical examiner appeared for a hearing before ALJ Theresa Hoskins Hart. A.R. 34-65. On January 26, 2016, the ALJ issued an unfavorable decision

finding that Plaintiff had not been under a disability from January 1, 2012, through the date of the decision. A.R. 11-29. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 2, 2017. A.R. 1-7. On August 2, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 4.

### B. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on January 26, 2016. A.R. 14-29. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2017, and has not engaged in substantial gainful activity since January 1, 2012. A.R. 16. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus with cardiac complication and possible neuropathy; coronary artery disease with status post myocardial infarction with bypass graft, possible ischemia, and mild mitral regurgitation; and mild degenerative disc disease with dextroscoliosis of thoracic-lumbar spine. A.R. 17-19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. A.R. 19-20. The ALJ found that Plaintiff has the RFC to

> limited to light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations: stand/walk two hours total in an eight-hour workday; never stoop or crawl; rarely climb (stairs, ramps, ropes, ladders or scaffolds); no more than frequent feeling or fingering; no working in environments with dangerous moving equipment, unprotected heights or slippery wet surfaces; and needs a sit/stand option so that he may stand at the work station for a few minutes at a time before resuming the sitting position whenever the claimant wishes.

A.R. 20. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. A.R. 27-28. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC. A.R. 28-29. In doing so, the ALJ defined Plaintiff, age 41, as a younger individual age 18-49 at the time of the alleged disability onset date, with at least a high school education and able to communicate in English. A.R. 28. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an

6

individual with the same RFC and vocational factors can perform work as an order clerk, final assembler, and addresser. A.R. 28. The ALJ, therefore, found that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." A.R. 29.

Based on all these findings, the ALJ found Plaintiff not disabled and denied the application for a period of disability and disability insurance benefits. A.R. 29.

**III. ANALYSIS AND FINDINGS**

On appeal, Plaintiff raises a single argument: whether the ALJ erred in partially rejecting Plaintiff's pain and symptom testimony. Docket No. 19 at 6. Plaintiff contends that the ALJ's failure to consider all symptom testimony was erroneous because the objective medical evidence supports his symptoms. *Id.* at 9-12. Plaintiff further contends that: (1) the ALJ's citations to his infrequent medicine use predates his disability onset date; (2) the gap in his treatment is excused as a result of his inability to afford treatment; (3) his initial inability to manage his diabetes is an insufficient ground to discount his testimony because he eventually managed his diabetes; (4) the ALJ improperly relied on a note in Plaintiff's medical record that, on one occasion, Plaintiff rode a bicycle; (5) his frequent urination "is not so extreme to warrant discounting his pain testimony," and that his primary complaint is unrelated to urinary issues; and (6) the ALJ improperly relied on Dr. Donald Blackman's testimony in finding Plaintiff partially credible. *Id.* at 10-12.

In response, the Commissioner submits that the ALJ's finding that Plaintiff is partially credible is supported by: (1) medical expert testimony; (2) objective medical evidence; (3) a one-year gap in treatment during the time period Plaintiff alleges disability; (4) Plaintiff's activities of daily living; and (5) inconsistencies in Plaintiff's symptom testimony. Docket No. 23 at 6.

In determining a claimant's credibility, an ALJ must first determine if the objective medical evidence could reasonably be expected to produce the claimant's alleged symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Otherwise, an ALJ must provide "clear and convincing reasons" for discrediting the claimant's credibility. *Id.*; *see also Beatty v. Colvin*, 2015 U.S. Dist. LEXIS 180689, at *42-44 (D. Nev. Dec. 20, 2015). The ALJ may consider inadequately explained failure to seek treatment, failure to follow a prescribed course of treatment,

and gaps in treatment not supported by evidence of a lack of medical coverage. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Bubion v. Barnhart*, 224 Fed. App'x 601, 604 (9th Cir. 2007). Inconsistencies between the claimant's testimony and conduct or activities may also constitute clear and convincing reasons. *See Lawrence v. Colvin*, 2016 U.S. Dist. LEXIS 48353, at *27-29 (D. Nev. Feb. 11, 2016); *see also Beatty*, 2015 U.S. Dist. LEXIS 180689, at *42-44. The Ninth Circuit, however, cautions ALJs in concluding that the conduct or "daily activities are inconsistent with testimony about pain" because impairments that may preclude work are often "consistent with doing more than merely resting in bed all day." *Lawrence*, 2016 U.S. Dist. LEXIS 48353, at *27-29.

In the instant case, the ALJ found Plaintiff's testimony partially credible to the extent supported by the medical evidence. A.R. 24. The ALJ found inconsistencies with Plaintiff's testimony regarding his urinary issues, his shortness of breath, numbness and weakness in his feet and hands, neck pain, and his heart condition and associated chest pain. A.R. 24-25.

A. <u>Objective Medical Evidence</u>

Plaintiff contends that he consistently complained of sciatic and radiating pain in his lower extremities, which is supported by the record. Docket No. 19 at 9-10. Plaintiff further contends that the ALJ notes only one instance of a positive leg raise (A.R. 25), although there were an additional two instances of positive leg raises.[3] *Id.* at 9; *see also* A.R. 25, 490, 505. In response, the Commissioner submits that "Plaintiff's physical examinations were largely normal and demonstrated a significant range of functioning." Docket No. 23 at 7 (internal citations omitted). The Commissioner further submits that, "[w]hile [Plaintiff] had occasional instances of positive straight leg raise testing … the overwhelming weight of his examinations yielded negative straight leg raise testing … (see e.g. [A.R.] 463 (negative), 469 (negative), 474 (negative), 479 (negative), 484 (positive on left side but negative on left), 505 (positive), 520 (negative))." *Id.* at 7.

---

[3] Plaintiff incorrectly submits that the ALJ cited to the positive straight leg raise at A.R. 490, when the ALJ cites to the positive straight leg raise from January 14, 2015, at A.R. 484. Docket No. 19 at 9.

8

Although Plaintiff's physical examinations did not demonstrate "a *significant* range of functioning," the record demonstrates that, more often than not, Plaintiff exhibited a normal range of motion without pain. *Compare* A.R. 469 ("[p]ain with cervical extension") *with* A.R. 463 ("normal range of motion without pain"), 474, 479, 522; *see also* Docket No. 23 at 7 (emphasis added). The Court therefore finds that these inconsistencies are sufficient to find Plaintiff partially credible. The Court further finds that it was harmless error for the ALJ to omit the additional two instances of a positive straight leg raise because the record as a whole indicates more negative straight leg raises. *See e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1115-1116 (9th Cir. 2012) (applying the harmless error principle in the Social Security context when it can be concluded "from the record that the ALJ would have reached the same result absent the error").

Plaintiff further contends that his July 29, 2013, MRI "showed some enhancing scar tissue," which the ALJ failed to acknowledge. Docket No. 19 at 9. In response, the Commissioner submits that Plaintiff "does not explain how … scarring translated into concrete functional limitations the ALJ was required to include in Plaintiff's RFC as a matter of law." Docket No. 23 at 10. The Court agrees and, therefore, need not address the issue of Plaintiff's scar tissue. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

B.   Gap in Treatment

Plaintiff contends that the gap in his treatment from February 16, 2012, to January 14, 2013, coincides with when he stopped working and, as a result, "had no health insurance and had difficulty affording his diabetes medication."[4] Docket No. 19 at 10. In response, the

---

[4] Plaintiff contends that the ALJ's citation to his infrequent usage of prescribed medication "considers a period [predating] the alleged onset date." Docket No. 19 at 10. The ALJ, however, does not indicate that she relied on this infrequency in finding Plaintiff partially credible. *See generally* A.R. 20-27. Similarly, Plaintiff contends that, "[i]t appears" that the ALJ relied on Plaintiff's initial inability to comply with medical advice to regularly check his blood sugar levels to find Plaintiff partially credible." Docket No. 19 at 11; *see also* A.R. 23. The ALJ, however, does not indicate that she relied on this inability to comply in finding Plaintiff partially credible. A.R. 23. The Court therefore finds these arguments irrelevant or otherwise harmless error. *See e.g.*, *Molina*, 674 F.3d at 1115-1116.

Commissioner submits that this gap "fell squarely within the alleged disability period…."[5] Docket No. 23 at 11. The Commissioner further submits that Plaintiff's allegation regarding his inability to afford treatment is insufficient because he fails to provide any corroborating evidence, such as documents "showing his healthcare insurer denied any claims, [that] … he asked for low-cost alternatives, or sought … no-cost care." *Id.* (citing *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005)). In reply, Plaintiff submits that he provided medical evidence indicating his inability to afford proper treatment by citing to a March 16, 2011 doctor's visit, when he indicated that he was no longer taking certain medication because he could not afford it, as well as a January 14, 2013 doctor's visit, when he indicated that he previously had no health insurance and could not afford medication. Docket No. 24 at 4; *see also* A.R. 507, 554.

Gaps in medical treatment may serve as a basis for an adverse credibility finding, unless the claimant provides sufficient reasons. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The Ninth Circuit has found that one good reason is a claimant's failure to obtain treatment due to lack of funds. *See e.g.*, *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)). The Commissioner cites to *Bubion v. Barnhart*, where the Ninth Circuit found that the ALJ did not err in citing the gaps in the claimant's treatment history because the claimant "presented no proof that she lacked medical coverage." Docket No. 23 at 11 (citing 224 Fed. App'x at 604).

Although neither party cites to binding Ninth Circuit precedent regarding the acceptable forms of evidence to prove lack of funds for treatment, the Court finds that any evidence within the record suffices. *See e.g.*, *Harris v. Comm'r of SSA*, 605 F. App'x 612 (9th Cir. 2015) (finding that the plaintiff failed to explain a gap in treatment because she did not assert her reason before the ALJ); *see also Orn*, 495 F.3d at 638 (relying on the plaintiff's testimony that he could not afford treatment and citing to S.S.R. 96-7p, which stated that the ALJ must first consider

---

[5] The Commissioner submits that Plaintiff['s] alleged disability began on January 14, 2012, "but he did not obtain treatment for his allegedly disabling impairment(s) until January 21, 2013." Docket No. 23 at 8. The Commissioner fails to acknowledge that Plaintiff sought treatment for his lower back on January 21, 2012 (A.R. 517), February 2, 2012 (A.R. 514), February 3, 2012 (A.R. 512), and February 16, 2012 (A.R. 510). Therefore, the gap in Plaintiff's treatment occurred between February 16, 2012, and January 14, 2013. *See* Docket No. 19 at 10.

explanations for failure to seek treatment, including inability to pay, before drawing any inferences).[6] The Court therefore finds that Plaintiff's citation to the January 14, 2013 doctor's visit indicating an inability to afford treatment is sufficient to excuse the gap in his medical treatment.[7] However, such error is harmless because the Court finds that the ALJ provides other reasons sufficient to find Plaintiff partially credible. *See Molina*, 674 F.3d at 1115-116; *see also supra* Section III(A); *see infra* Sections III(C), (D), (E).

Related to Plaintiff's gap in treatment, the Commissioner submits that, on January 21, 2012, "just weeks after [Plaintiff] alleges he was not able to work due to disabling pain, he refused the offer of a pain medication injection." Docket No. 23 at 8; *see also* A.R. 517. Refusing medical treatment and a doctor's advice or recommendations may be sufficient grounds to discredit a claimant's credibility. *See e.g.*, *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (finding that courts may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," when weighing a claimant's credibility) (citing *Tommasetti*, 533 F.3d at 1039). Although Plaintiff submits that his gap in treatment coincides with when he stopped working in January 2012, he nonetheless visited urgent care three times prior to his gap in treatment, which started February 16, 2012. Docket No. 19 at 10; *see also* A.R. 510, 512, 514, 517. The Court therefore finds this reason sufficient to find Plaintiff partially credible.

C.   Daily Activities

Plaintiff contends that the ALJ improperly discounted his testimony based on a November 18, 2014 doctor's visit, when Plaintiff indicated that he was "[m]ore active with riding his bicycle." Docket No. 19 at 11; *see also* A.R. 419. In response, the Commissioner submits that it was reasonable for the ALJ to rely on this medical record because it was during the time period that Plaintiff alleges disability. Docket No. 23 at 11. The Commissioner further submits that Plaintiff's statement to the doctor indicates that his bike riding was an ongoing activity, not an isolated

---

[6] S.S.R. 16-3p, which replaced S.S.R. 96-7p, similarly states that a claimant's inability to afford treatment may be considered when analyzing his or her treatment history.

[7] The March 6, 2011 doctor's visit predates Plaintiff's alleged onset date and, therefore, is irrelevant regarding his inability to afford treatment.

instance. *Id.* Lastly, the Commissioner submits that Plaintiff engaged in other activities of daily living and personal care, that "would involve steady arms and hands," despite his claims of neck pain and weak arms. *Id.* at 9, 11 ("dressing, caring for his hair, shaving, and feeding himself"). In reply, Plaintiff submits that the ALJ misconstrued his testimony that he is short of breath after carrying items up the stairs, not from ironing. Docket No. 24 at 4. Plaintiff further submits that, notwithstanding the ALJ's mischaracterization of the record, she improperly discredited his testimony. *Id.*

In weighing a claimant's credibility, an ALJ may consider inconsistencies between the claimant's testimony and his or her daily activities. *Orn*, 495 F.3d at 636 (internal citations omitted). In this case, the Court finds that the ALJ provided sufficient reasons, more substantively articulated by the Commissioner as discussed above, for finding Plaintiff's testimony partially credible. A.R. 19, 21, 24; *see also* Docket No. 23 at 9. The ALJ considered Plaintiff's ability to care for himself, as well as activities such as "shopping for groceries in stores … [and] driving a vehicle." A.R. 19. The Court therefore finds this reason sufficient to find Plaintiff partially credible.

### D. Inconsistent Symptoms

Plaintiff contends that the ALJ improperly found him partially credible because of inconsistencies between his testimony and the medical evidence regarding his urinary issues. Docket No. 19 at 11. Plaintiff further contends that "[t]he frequency of urination [approximately once every hour] is not so extreme to warrant discounting his pain testimony," and that this testimony should not weigh against his credibility because "his primary complaints since completing his disability reports and through the hearing have been related to his back pain." *Id.* at 11-12. In response, the Commissioner submits that "Plaintiff explicitly identif[ied] frequent urination as a complication from diabetes" and, therefore, this symptom is relevant to the ALJ's credibility analysis. Docket No. 23 at 12. The Commissioner further submits that Plaintiff's testimony conflicts with information he conveyed to his medical providers. *Id.* at 9. For example,

the Commissioner submits, "Plaintiff testified that he experienced shortness of breath, yet he repeatedly told his medical providers he did not experience shortness of breath."[8] *Id*.

In weighing a claimant's credibility, an ALJ may consider inconsistencies between the claimant's statements concerning his or her symptoms. *See Tommasetti*, 533 F.3d at 1039. In addition to the Commissioner's contentions, the ALJ's summary details the inconsistencies between Plaintiff's testimony, and his statement in his medical records, A.R. 24 (Plaintiff testified of urinary issues (A.R. 54), but denies such issues in other instances (A.R. 381, 455-492); Plaintiff testified of shortness of breath (A.R. 56) but denies such issues in other instances (A.R. 381, 383, 397, 413, 417, 420, 433, 436, 456, 462, 468, 471, 474); Plaintiff testified of numbness in his feet and hands (A.R. 53, 56, 262, 478, 489), but did not complain of such symptoms in other instances (A.R. 413, 420, 436, 456, 462, 468, 471, 474); Plaintiff testifies of neck pain (A.R. 54), but the objective medical evidence does not indicate significant disc disease, and Plaintiff recently exhibited a normal range of motion in the cervical spine (A.R. 496, 455-492)). The Court therefore finds this reason sufficient to find Plaintiff partially credible.

E.     Dr. Blackman's Opinion

Lastly, Plaintiff contends that the ALJ improperly relied on the testimony of medical expert Dr. Blackman in finding Plaintiff partially credible because Dr. Blackman never examined Plaintiff in person. Docket No. 19 at 12. In response, the Commissioner submits that the ALJ properly relied on Dr. Blackman's testimony as a medical expert, and that his opinion was supported by the medical evidence. Docket No. 23 at 7.

In weighing medical testimony, an ALJ may rely on the opinion of a non-treating expert, but must set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] [the] interpretation thereof, and mak[e] findings." *Magallanes*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). "The opinions of non-treating or non-examining physicians may also

---

[8] The Commissioner submits that Plaintiff "expressly denied having his allegedly disabling symptoms on various occasions." Docket No. 23 at 9. Plaintiff, however, does not deny pain in any of the records to which the Commissioner cites. A.R. 380-381 (reports back pain), 383 ("experiencing low back pain"), 397 (reports muscle cramps and fatigue), 413 (denied chest pain but assessed for chest pain and tremor), 417 ("admits to back pain").

serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002). The ALJ's summary details Dr. Blackman's findings, as well as the conflicting evidence in the record in according great weight to his opinion. A.R. 29-30. Moreover, Plaintiff fails to submit a specific medical opinion with which Dr. Blackman's testimony conflicts. Docket No. 19 at 12; *see also Kor Media Group*, 294 F.R.D. at 582 n.3 (D. Nev. 2013). The Court therefore finds that the ALJ properly relied on Dr. Blackman's opinion to find Plaintiff partially credible.

## V.   CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 19) be **DENIED** and that the Commissioner's countermotion to affirm (Docket No. 22) be **GRANTED**.

Dated: July 19, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).